```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -   X
                                     :
UNITED STATES OF AMERICA             :
                                     :
            - v. -                   :   SEALED INDICTMENT
                                     :
SARAH IZHAKI, and                    :   20 Cr.
ASHLEY LEBOWITZ,                     :
                                     :
                   Defendants.       :  20 CRIM 161
                                     :
- - - - - - - - - - - - - - - - -   X
```

**COUNT ONE**
**(Drug Adulteration and Misbranding Conspiracy)**

The Grand Jury charges:

1.      Professional horse racing is a $100 billion global industry, which draws millions of fans each year in the United States and around the world. Racehorses may sell at auction for well more than $1,000,000 and compete for purses worth millions of dollars.    In the United States, the horse racing industry is subject to an array of federal and state regulations aimed at protecting participating horses and ensuring fair competition, among other things. These regulations include proscription of the use of performance-enhancing drugs ("PEDs") and testing regimes designed to ensure that racehorses are not under their influence.

2.      At all times relevant to this Indictment, SARAH IZHAKI and ASHLEY LEBOWITZ, the defendants, and others known and unknown, engaged in a scheme to distribute misbranded and

adulterated PEDs for administration to racehorses competing in, among other locations, Australia, the Middle East, New Jersey, and the Southern District of New York.

3.     SARAH IZHAKI and her daughter, ASHLEY LEBOWITZ, the defendants, are suppliers of various PEDs. In particular, IZHAKI and LEBOWITZ distributed an adulterated and misbranded version of the drug erythropoietin, commonly referred to by participants in the horse racing industry, generally, by the brand name "Epogen," or by the shorthand "epo." Erythropoietin is used to boost a racehorse's red blood cell count in order to stimulate endurance during a race and improve race recovery. IZHAKI and LEBOWITZ obtained the eythropoietin they distributed (the "Firm-1 Drug") from a Mexico-based drug manufacturing company ("Firm-1") operating without a license to import drugs into the United States.

4.     The Firm-1 Drug was misbranded and/or adulterated in several respects pursuant to the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, et seq. ("FDCA") and related regulations. The Firm-1 Drug (1) did not have requisite approvals from the Food and Drug Administration ("FDA") for use in an animal; (2) required a prescription but was administered without a valid prescription; (3) was deficiently labeled, for example, by not accurately listing details regarding the manufacturer, packer, or distributor, the contents of the packaging, or directions for use of the Firm-1

2

Drug; and (4) was manufactured at a facility not duly registered by the FDA.

5.      In addition to the Firm-1 Drug, SARAH IZHAKI and ASHLEY LEBOWITZ, the defendants, offered for sale a "masking" substance designed to conceal the presence of illicit drugs, including the Firm-1 Drug, from detection during anti-PED testing.

## Statutory Allegations

6.      From at least in or about August 2019 through at least in or about October 2019, in the Southern District of New York and elsewhere, SARAH IZHAKI and ASHLEY LEBOWITZ, the defendants, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331 and 333(a)(2).

7.      It was a part and an object of the conspiracy that SARAH IZHAKI and ASHLEY LEBOWITZ, the defendants, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, adulterated and misbranded drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C. § 331(a) and 333(a).

3

8.     It was further a part and an object of the
conspiracy that SARAH IZHAKI and ASHLEY LEBOWITZ, the defendants,
together with others known and unknown, with the intent to defraud
and mislead, in interstate commerce, would and did adulterate and
misbrand drugs, and would and did cause the adulteration and
misbranding of drugs, as defined by 21 U.S.C. §§ 351(a)(5), 352(a),
352(b), 352(f), 352(o), 353(f), and 360b, in violation of 21 U.S.C.
§ 331(b) and 333(a)(2).

9.     It was further a part and an object of the
conspiracy that SARAH IZHAKI and ASHLEY LEBOWITZ, the defendants,
together with others known and unknown, with the intent to defraud
and mislead, would and did receive in interstate commerce
adulterated and misbranded drugs, as defined by 21 U.S.C. §§
351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, and
deliver and proffer delivery thereof for pay and otherwise, and
would and did cause the receipt in interstate commerce of
adulterated and misbranded drugs, as defined by 21 U.S.C. §§
351(a)(5), 352(a), 352(b), 352(f), 352(o), 353(f), and 360b, and
cause the delivery and proffered delivery thereof for pay and
otherwise, in violation of 21 U.S.C. § 331(c) and 333(a)(2).

**Overt Acts**

10.    In furtherance of the conspiracy and to effect the
illegal objects thereof, SARAH IZHAKI and ASHLEY LEBOWITZ, the
defendants, and others known and unknown, committed the following

4

overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about August 8, 2019, LEBOWITZ distributed approximately five vials of the Firm-1 Drug to a confidential source posing as a horse trainer ("CS-1") in the vicinity of Englishtown, New Jersey, in exchange for approximately $500. Photographs of these substances, as sold and delivered to CS-1 by LEBOWITZ, follow:



b. On or about September 24, 2019, IZHAKI sold CS-1 ten vials of the Firm-1 Drug, at which time IZHAKI explained to CS-1, in substance and in part, that IZHAKI and others covertly transport the drugs into the United States.

c. On or about October 17, 2019, CS-1 called IZHAKI and arranged to purchase $5,000 worth of the Firm-1 Drug. During that call, IZHAKI explained to CS-1, in substance and in part, that she had recently depleted a supply of amphetamines, as well as another substance referred to as "The Devil," which IZHAKI

5

described as a masking agent, *i.e.*, a substance used to disguise the presence of other drugs in a human or animal's body. IZHAKI represented that "The Devil" was "[s]omething very new, you put it in the horse, you can use coke: it will come back negative."

           d. On or about October 24, 2019, IZHAKI distributed 24 vials of the Firm-1 Drug to an undercover agent posing as a horse owner ("UC-1"), in Manhattan, New York, in exchange for $2,400. During this meeting, IZHAKI explained, in substance and in part, that LEBOWITZ had recently sold a large quantity of the Firm-1 Drug. IZHAKI also offered to sell the "Devil's Breath" to UC-1, explaining the masking power of that substance: "You can kill somebody with poison, and you can clean the blood as long as he is still alive." Photographs of the Firm-1 Drug, as sold and delivered to CS-1 by IZHAKI, follow:



(Title 18, United States Code, Section 371.)

6

## COUNT TWO
## (Smuggling)

The Grand Jury further charges:

11. The allegations set forth above in Paragraphs 1 through 5 and 10, are realleged and incorporated by reference as if set fully forth herein.

12. From at least in or about August 2019, through at least in or about October 2019, in the Southern District of New York and elsewhere, SARAH IZHAKI, the defendant, fraudulently and knowingly imported and brought into the United States merchandise contrary to law, and received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, to wit, IZHAKI imported and caused the importation, concealment, purchase, and sale of adulterated and misbranded drugs not reported to United States Customs and Border Protection, contrary to Title 19, United States Code, Section 1484, and Title 21, United States Code, Section 331.

(Title 18, United States Code, Sections 545 & 2.)

## FORFEITURE ALLEGATIONS

13. As a result of committing the offense alleged in Count Two of this Indictment, SARAH IZHAKI, the defendant, shall forfeit to the United States, pursuant to Section 982(a)(2)(B),

7

any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Asset Provision

14.    If any of the above described forfeitable property, as a result of any act or omission of the defendant:

a.    Cannot be located upon the exercise of due diligence;

b.    Has been transferred or sold to, or deposited with, a third person;

c.    Has been placed beyond the jurisdiction of the Court;

d.    Has been substantially diminished in value; or

e.    Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of said

defendants up to the value of the forfeitable property.

    (Title 18, United States Code, Sections 982, and Title 21,
United States Code, Section 853.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**SARAH IZHAKI and ASHLEY LEBOWITZ,**

**Defendants.**

**SEALED INDICTMENT**

20 Cr.

(18 U.S.C. §§ 371, 545 & 2)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

2/26/2020

NE.

Sealed Indictment Filed
Arrest Warrant Included

Sarah L. Cove

U.S.M.J.