```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :   CONSENT PRELIMINARY ORDER
        - v. -                     :   OF FORFEITURE/
                                   :   MONEY JUDGMENT
SARAH IZHAKI,                      :
                                   :   S1 20 Cr. 161 (MKV)
                Defendant.         :
                                   :
- - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2020

WHEREAS, on or about September 16, 2020, SARAH IZHAKI (the "defendant") was charged in a one-count Superseding Information (the "Information"), with conspiracy to introduce adulterated and misbranded drugs into interstate commerce, misbrand and adulterate drugs in interstate commerce, and receive adulterated and misbranded drugs in interstate commerce and cause their delivery and proffered delivery for pay or otherwise, in violation of Title 18, United States Code, Section 371 and Title 21, United States Code, Sections 331 and 333;

WHEREAS, the Superseding Information included a forfeiture allegation as to Count One of the Superseding Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334, any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this

title, have been introduced into interstate commerce (the "Forfeitable Property");

WHEREAS, on or about September 16, 2020, the defendant pled guilty to Count One of the Superseding Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Superseding Information and agreed to forfeit, pursuant to Title 21, United States Code, Sections 334 and 853, and Title 28, United States Code, Section 2461(c), a sum of money equal to $103,300 in United States currency representing the value of the Forfeitable Property;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $103,300 in United States currency representing the value of Forfeitable Property, subject to the provisions for repayment specified below; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the Forfeitable Property that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys, Andrew

C. Adams, Benet Kearney, and Sarah Mortazavi, of counsel, and the defendant, and her counsel, Richard Lind, Esq., that:

1. As a result of the offense charged in Count One of the Superseding Information, to which the defendant pled guilty, a money judgment in the amount of $103,300 in United States currency (the "Money Judgment"), representing the value of the Forfeitable Property that the defendant personally obtained, shall be entered against the defendant.

2. In the event that the defendant, within ten years of the later of either a) the date of her judgment of conviction, or b) her release from any term of imprisonment imposed as the result of her commission of the offense charged in Count One of the Superseding Information (the "Payment Period"), pays $20,000 toward the Money Judgment, the Government will accept such payment in full satisfaction of the Money Judgment.

3. During the Payment Period, the Government shall not seek to forfeit the property known and described as 30 Ogden Lane, Manalpan Township, New Jersey 07726 (the "Residence") as a substitute asset in full or partial satisfaction of the Money Judgment, so long as the defendant remains the sole owner of the Residence.

4. Within 30 days of the entry of this Order, the defendant shall cause a lien to be placed on the Residence in favor

of the United States of America for the duration of the Payment Period or until the full satisfaction of the Money Judgment.

5. In the event that the defendant has not satisfied the Money Judgment at the conclusion of the Payment Period, the Government may move to satisfy the full amount of the Money Judgment, up to $103,300, through the forfeiture of any available property, including the Residence.

6. Apart from the limitations placed on the Government's ability to satisfy any remaining balance of the Money Judgment through forfeiture of the Residence, this order creates no additional limitations on the Government's ability to seek the forfeiture of any other substitute assets in satisfaction of the Money Judgment.

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, SARAH IZHAKI, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

8. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service", and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset

Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

9. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

10. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment, subject to the limitations set forth above with respect to the Payment Period and the Residence.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

12. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of

Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

      14.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____[signature]_____    9/17/2020
    ANDREW C. ADAMS                          DATE
    BENET KEARNEY
    SARAH MORTAZAVI
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007

By: _____[signature]_____    9/16/2020
    SARAH IZHAKI                                DATE

By: _____/S/_____    9/16/2020
    RICHARD LIND, ESQ.                    DATE
    Attorney for Defendant

SO ORDERED:

_____[signature: Mary Kay Vyskocil]_____    9/17/2020
HONORABLE MARY KAY VYSKOCIL        DATE
UNITED STATES DISTRICT JUDGE